CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN K. BLANKENSHIP, )<br>　　Plaintiff, ) | Case No. 7:25-cv-00545 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| JOHN MCLANAHAN, et al., ) | Senior United States District Judge |
| 　　Defendants. ) | |

## MEMORANDUM OPINION

Brian K. Blankenship, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.　Background

Blankenship is currently incarcerated at the Southwest Virginia Regional Jail in Haysi, Virginia. He indicates that his complaint stems from interactions involving the Buchanan County Sheriff's Office. He alleges that the Sheriff's Office will not allow him to pursue criminal charges against individuals responsible for stealing personal property from his home and land. See Compl., ECF No. 1, at 2. He seeks to be paid for the stolen items and to recover damages for emotional distress. Id. at 3.

### II.　Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to

state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint filed without the assistance of counsel "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

### III. Discussion

Blankenship seeks relief under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Blankenship's complaint fails to allege a violation of any federal constitutional or statutory right. "No citizen has an enforceable right to institute a criminal prosecution" against another person. Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990); see also Linda R. v.

2

Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."). Thus, the alleged refusal to allow Blankenship to pursue criminal charges for the theft of his personal property is not actionable under § 1983.

### IV.   Conclusion

For the foregoing reasons, the complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: October 6, 2025

Michael F. Urbanski
U.S. District Judge
2025.10.06 16:00:23
-04'00'

Michael F. Urbanski
Senior United States District Judge